IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION



ENTERED
NOV 13 2009
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

GARY D. MASSEY,

    Plaintiff,

V.    CIVIL ACTION NO: 5:09-cv-01145
    Judge Johnston

CITIFINANCIAL, INC.,

    Defendant.

### STIPULATED PROTECTIVE ORDER

In order to preserve and maintain the confidentiality of certain confidential, commercial and proprietary documents to be produced by CitiFinancial, Inc. ["CitiFinancial"] in this action, it is ordered that:

1.    Documents to be produced by CitiFinancial in this litigation which contain confidential information shall hereafter be referred to as "Protected Documents." Any document or any information designated as "Subject to Protective Order" in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

2.    As used in this Order, the term "documents" means all written material, videotapes and all other tangible items, whether produced as hard copy, computer diskette, CD-ROM or otherwise.

3.    The burden of proving that a Protected Document contains confidential technical information is on CitiFinancial. Prior to designating any material as "Confidential," CitiFinancial must make a bona fide determination that the material is, in fact, a trade secret or other confidential technical information, the dissemination of which would damage CitiFinancial's competitive position. If a party disagrees with the "confidential" designation of any document, the party will so notify CitiFinancial in writing. CitiFinancial will timely apply to this Court to set a hearing for the purpose of establishing that said document is confidential. Any document so

marked as confidential will continue to be treated as such pending determination by the Court as to its confidential status.

4. The designation of Protected Documents may be made by marking or placing the notice "Subject to Protective Order" or substantially similar notice, on the document, or, where a copy of the original document is to be produced, on that copy.

5. Protected Documents and any copies thereof received pursuant to paragraph 6 below shall be maintained confidential by the receiving party, his attorney, other representatives, and expert witnesses, and shall be used only for preparation for the trial of this matter, subject to the limitations set forth herein.

6. Both the "Protected Documents" and the information contained therein shall be treated as confidential. Except upon the prior written consent of CitiFinancial or upon order of this Court, the "Protected Documents" or information contained therein and designated "Subject to Protective Order" may be shown, disseminated, or disclosed only to "Qualified Persons." Qualified Persons are limited to:

    a. Counsel of Record for the parties, and the parties;

    b. Non-technical and clerical staff employed by Counsel of Record and involved in the preparation and trial of this action;

    c. Experts and non-attorney consultants retained by the parties for the preparation or trial of this case, provided that no disclosure shall be made to any expert or consultant who is employed by a competitor of CitiFinancial; and

    d. The Court, the Court's staff, witnesses, and the jury in this case.

The disclosure of such confidential materials to said experts or consultants will be in hard copy form only and will not be in any digitized or other computer readable format (such as a PDF format).

7. Before receiving access to any Protected Document or the information contained

2

therein, each person described in paragraphs 6(b) and 6(c) above shall execute a "Written Assurance" in the form contained in Exhibit A, attached hereto. Counsel for the parties will retain the Written Assurance and will keep a list of all persons who have received Protected Documents for inspection by the Court and, upon order of the Court, counsel for CitiFinancial.

8. As the Protected Documents may only be distributed to all persons described in paragraph 6 above, such persons may not post Protected Documents on any website or internet accessible document repository.

9. All persons described in paragraph 6 shall not provide copies of the "Protected Documents" to any competitor or potential competitor of CitiFinancial and/or any of their employees, representatives, affiliates, or agents.

10. All persons described in paragraph 6 above shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Confidential information contained therein or the fact that such persons have obtained CitiFinancial's Protected Documents and Confidential information.

11. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions and/or used as exhibits at trial, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony dealing with the Protected Documents or information.

12. All documents that are filed with the Court that contain any portion of any Protected Document or information taken from any Protected Document shall be filed in a sealed envelope or other appropriate sealed container on which shall be endorsed the title of the action to which it pertains, an indication of the nature of the contents of such sealed envelope or other container, the phrase "Subject To Protective Order," and a statement substantially in the following form: "This envelope or container shall not be opened without order of the Court, except by officers of the Court and counsel of record, who, after reviewing the contents, shall return them to the clerk in a sealed envelope or container."

13. Any court reporter or transcriber who reports or transcribes testimony in this action shall agree that all "confidential" information designated as such under this Order shall remain "confidential" and shall not be disclosed by them, except pursuant to the terms of this Order, and that any notes or transcriptions of such testimony (and any accompanying exhibits) will be retained by the reporter or delivered to counsel of record.

14. Within ninety (90) days after the conclusion of this case, counsel for the parties who received Documents designated as "Subject to Protective Order" shall either (a) return to CitiFinancial the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, or (b) securely destroy the Protected Documents, including any documents which any such party disclosed to any person described in paragraphs 6(b) and 6(c) above, and certify such destruction to CitiFinancial.

15. Inadvertent or unintentional production of documents or information containing information which should have been designated as "confidential" shall not be deemed a waiver in whole or in part of the party's claims of confidentiality.

16. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the parties. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

17. After termination of this litigation, the provisions of this Order shall continue to be binding. This Court retains and shall have jurisdiction over the parties and recipients of the Protected Documents for enforcement of the provisions of this Order following termination of this litigation.

18. This Protective Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions,

employees, agents, independent contractors, or other persons or organizations over which they have control.

DATED: November 6, 2009                    Flaherty Sensabaugh Bonasso PLLC

                                                  By:  /s Susan W. Romaine
                                                       Jeffrey M. Wakefield
                                                       Susan Wong Romaine
                                                       Attorneys for Defendant
                                                       CitiFinancial, Inc.

DATED: November 6, 2009, 2009              Hamilton, Burgess, Young & Pollard PLLC

                                                By:  /s Ralph C. Young
                                                       Ralph C. Young, Esq.
                                                       Christopher B. Frost, Esq.
                                                       Attorneys for Plaintiff

So Ordered, this 9th day of November, 2009.

                                              Judge Johnston

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

GARY D. MASSEY,

    **Plaintiff,**

V.                              CIVIL ACTION NO: 5:09-cv-01145
                                   Judge Johnston

CITIFINANCIAL, INC.,

    **Defendant.**

## EXHIBIT A

AFFIDAVIT OF _____, being duly sworn and personally appearing before the undersigned attesting officer, duly authorized by law to administer oaths, deposes and says that the within statements are true and correct:

1.

I have read the Stipulated Protective Order attached hereto and I understand its terms and meanings.

2.

I agree that my signature below submits me to the jurisdiction in the Southern District of West Virginia, Beckley Division, in which the action of *Gary D. Massey v. CitiFinancial, Inc.*, Civil Action No. 5:09-cv-01145, is pending, and binds me to the provisions of the Stipulated Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

Further Affiant sayeth not.

This ___ day of _____, ____.

                                                _____

AFFIANT

SUBSCRIBED AND SWORN to before me

this ___ day of _____, ____.

_____
NOTARY PUBLIC

My Commission Expires: